Thank you, Your Honor. May it please the Court, I'm Jeffrey Clare. I am the Main Justice Counsel for the Secretary of Health and Human Services. As Your Honors know from the briefs, this is a case involving the correct amount of Medicare reimbursement to be paid by various health care providers for the cost of running medical residency training programs. With the Court's indulgence, I'd like to turn immediately to the jurisdictional question, which is quite a naughty one, but we'd submit indicates that the district court... the difference between the jurisdiction to hear something and the authority to grant relief. Authority and jurisdiction, what's the difference between those two terms? Well, in the case of the Provider Reimbursement Tribunal that first had administrative jurisdiction over, there are a class of cases where it lacks the authority to grant any kind of relief at all, rather than to look to whether there is a successful claim on the merits. And this makes a lot of sense in terms of the overall Medicare jurisdictional scheme. In most instances, one has to fully exhaust administrative remedies before going to court, but the statute carves out a narrow exception referred to as the expedited judicial review provision, where if the Provider Reimbursement Review Board concludes that it lacks the authority to decide a question, then it can make a determination... Authority to decide or authority to grant relief, which? Well, those can be, in this case, those are pretty much the same thing, because a regulation is placed at issue... Well, if it's an authority to decide, that seems to me that sounds an awful lot like jurisdiction. I think that's a fair characterization. And if they don't have the authority to hear or authority to decide, then it seems to me that they wouldn't have jurisdiction in the first instance, and therefore, there's nothing to submit, nothing to grant to the district court to grant the district court jurisdiction. Your Honor, respectfully, the statute works a different way. It contemplates that claims arising under the Medicare statute go first to this administrative tribunal with expertise in the matter, with the power to create an evidentiary record that bears on the matters in controversy. Which in this case, the Review Board said, this can go to court. It said that the challenge to a regulation can go to court, because as a subordinate tribunal of a federal agency, it lacks the power to declare invalid a regulation or a statute that has the force and effect of law. And that was the determination that it made here. And had that been the claim presented to the district court, we would agree that jurisdiction would be proper. Our contention here is that the claims presented to the district court were outside the scope of the matters that the Provider Reimbursement Review Board said could be under. Let me talk to you just a little bit about that. When the claim came up the first time, what you're suggesting is that the district court said has two, if you will, claims that regulations are invalid, that the underlying court then had no jurisdiction to determine those or the underlying body, the PRRB? Your Honor, I think what the district court said is a little different. I think what it said is that I cannot look behind the conclusions drawn by the PRRB as to jurisdiction. And therefore, the only question before me is to whether the claims that have been presented by the plaintiffs are within the scope of the matters that were presented that the PRRB said could be entertained. And the court said that, in effect, this informal practice that plaintiffs have challenged here, that that was essentially part and parcel of the regulation that the board had said could be heard in the first instance. Now, our contention is that that's simply not so. The regulation, that issue here, sets and establishes a set of criteria for most hospitals in the system. And then it carves out a narrow exception where the secretary is unable to find a sufficient number of like facilities within a wage area to determine a meaningful average of wages paid. And for that class of cases, the only thing the regulation says is, that's not covered by the substantive criteria in this regulation. That's covered by a set of substantive criteria. Let me ask you this. The same issue came up in the Hospital Association of Rhode Island versus the Secretary of Health and Human Services. And the court there, the First Circuit was faced with the question of whether it had jurisdiction given a determination by the board that it lacked authority. It sounds very much like this case. And the First Circuit said, no, we have jurisdiction in this instance because it is a final decision. It's up to us for review. The Seventh Circuit in DICTA, in Edgewater Hospital versus Bowen, basically has come to the same view. How do you distinguish those two cases? Or are you saying that we should happily run along and create a circuit split this morning in order to take your view of the matter? That's my problem. And I'm not very happy about jumping along and creating circuit splits and giving the Supreme Court an opportunity to reverse willy-nilly. So you better persuade me, at least as one member of the panel, that those two cases don't provide pretty much the rule of law that I've said to you that they do. Well, Your Honor, I don't believe either of those cases says that the board, the Provider Reimbursement Review Board, lacks the authority to declare an informal policy that is not developed by regulation invalid. And therefore, if there is no such issue present, then there is no basis for going into district court in the first instance. I don't think there's anything in either one of those cases that's inconsistent with the position that we've argued here. It's inconsistent with the position that the district court here, you're saying the district court here lacked jurisdiction. Yes, Your Honor. And the First Circuit and the Seventh Circuit said that the court had jurisdiction. And you're saying there's nothing inconsistent between those two views? My recollection, Your Honor, is that there is an entirely different procedural posture in those cases. I don't recall those cases involving expedited judicial review determinations where the matter at issue did not implicate a regulation or statute that the administrative tribunal lacked the authority to hear. And there is, Your Honor, there's a very common-sense principle at play here, which is that a subordinate administrative tribunal cannot declare a regulation that has the force and effect of law invalid. So the most claims have to be exhausted. The statute creates this exception permitting the administrative tribunal to determine that the ---- Or do those circumstances then evade all review? Oh, no, Your Honor. They go immediately into district court. So the district court does have jurisdiction. The district court has jurisdiction if it is the category of cases that meets this criteria, a category of cases where a regulation, the validity of a regulation or a statute has been placed at issue. But in this particular case, wasn't there a facial review? I call it facial. That's my way to ---- from applied. Facial review of the actual regulation. Your Honor, there ---- The 1989 regulation is the thing that is challenged. And it seems to me the district court at least had the ability to review that regulation. Yes, Your Honor, to make matters a bit more complicated than they already are, there are two different kinds of claims presented. One is the claim that the regulation, by carving out a class of category of cases, is going to be treated differently than the main line of cases, that the regulation is underinclusive to that extent, that all providers have to be treated the same way regardless of distinctions in their factual circumstances. The district court entertained that claim and concluded that that claim failed on the merits. We don't contest the district court's jurisdiction over that claim, the claim that's subject of the plaintiff's cross-examination. We contest the district court's jurisdiction to review the substantive validity of this informal practice that is related to the regulation only in the sense that the regulation defines a category of cases to which the substantive standards in the regulation simply have no application. Well, I understand that even the claimants would suggest that this informal, if you will, application by the secretary of its own rules is in fact the applicability of the 1989 regulation. That is another of the controversies before the court, and we disagree with the plaintiff's and the district court's view of this. It's not enough for the practice to have some vicinity or proximity to the regulation. The question presented has to draw into question the validity of the regulation. The only pertinence of this regulation here is to define the category of cases to which these substantive criteria, the regulation's substantive criteria do not apply, and to say, as to those cases, we're going to develop a different set of substantive criteria, not the ones set forth in the rule, ones that will be adjudicated on a case-by-case basis. Now, there's no doubt that the Provider Reimbursement Review Board does have the authority to consider that kind of claim. There is, first and foremost, a finding by the district court that had the matter been presented to the PRRB, the PRRB would have had the authority to entertain it. There is, secondly, a long history of practice where the Provider Reimbursement Review Board reviews informal policies that are, I think, more formalized than the matter presented here, but nonetheless not adopted in regulations. And I'm referring here to this very elaborate set of manual provisions that the Secretary has that detail how this very complicated regulatory scheme is supposed to be applied in very intricate and complicated multivariate kinds of circumstances. Even as to those manual provisions, because they are not set forth in the regulation, they are not binding on the Secretary. Therefore, they are not binding on the PRRB either. The PRRB can entertain them, and I've cited the court to several instances where the PRRB has not only entertained challenges to these regulations, these manual provisions, rather, but has declared them invalid. That's our point here, Your Honor, that this is an informal practice. This is not withstanding representations to the contrary. This is not part and parcel of a regulation. So let me just see if I've got my head around this. If what's at issue is a particular practice of HCFA or CMS, as we call it now, is consistent with an existing rule or regulation, the review board can entertain that. Yes. It is only challenges to the validity. But that's what I said. The second, the flip side of that is if the challenge is to the rule or regulation itself, that it's inconsistent with law, whatever, that's something the review board cannot hear, and that should proceed to district court. Once there are some, that is basically the scheme, Your Honor. The statute, in effect, requires the board to make a cut at that on the first instance. The board acts as kind of a gatekeeper kind of function in that it's not. But in this instance, the review board said this is not within our jurisdiction. This is something that can go to district court. Right. You have this in the first determination is at pages 98 and 99 of our excerpts of record, and it is quoted briefly at page 12 of the blue brief. And what you'll find the board stating there is that the challenge to a regulation, and there's a long regulation string site there, that that's not something that they think they can declare invalid, and that that regulation can be challenged immediately. The board, in making this determination, moreover, follows its regulations in inquiring as to whether there are evidentiary matters that it should resolve first, an evidentiary record that it should build first, before the case should go to district court. Your position is that once the review board said that, they could have gone to court and challenged rule or regulation, but what they, in fact, challenged was an informal practice. Right. And I think the key question for the court, especially as elucidated by the questioning this morning, is do you regard this practice, this informal practice, as part of that regulation or not? I think the district court. What I was just going to say is that so this is not an instance where we should be deferring to the board's decision about the informal practice because they never really considered that. The board never considered. Yes. That leaves you only with the application of that in a specific instance. Your Honor's question goes somewhat to the merits, I think, as to whether deference to the reimbursement determination at issue is appropriate when all you have before you is an initial claims processor's determination and the lack of any further explication of that determination by the district court. You'll correct me if I'm wrong, but the government's position, the Secretary's position is not that the review board was incorrect in saying that something could go to district court. Am I right so far? So far, yes, Your Honor. Okay. So this is not a case where we have sort of competing versions of discretion deferring to agency expertise. You're saying the board acted appropriately, but when they went to court, what they were challenging was not a rule or regulation but a practice. Right, and an illustration of that. I'm not saying I accept that argument. I just want to make sure I understand it. An illustration of how the claims changed between the administrative stage and the district court stage is with the question of whether any kind of facts were at issue. The plaintiffs stated quite explicitly, categorically, that there were not evidentiary matters that the board had to resolve. They file a district court action. Their first thing they do is file a fairly massive request for discovery and a summary judgment motion supported by a rather voluminous evidentiary record. Well, there's a very, you know, clear logical disconnect there. They told the board that they were challenging the validity of a regulation. They told the board that evidentiary matters were not at issue. They come into district court. They challenge a practice, not a regulation, a practice that they themselves described as an ad hoc case-by-case methodology. They ask for a substantial discovery rather than saying that the record is complete. I think that illustrates our point here is that, yes, what the board certified correct could have been heard by the district court. It is not the claim that was presented to the district court. Let me ask you a question that's changed this just a little bit. Let's move to the cross appeal. What's your best argument that 42 CFR 413.86, got 411 numerals after that, advises a medical physical intermediary to contact the Medicare central office for a determination of the appropriate amount to use, that that is substantively and procedurally valid? Let me take the substantive question first. Insofar as that regulation, Your Honor, quoted, says that for facilities where there are less than three resident training programs within the geographic area, we're going to use a different kind of We're going to just contact the Medicare central office. We're going to develop it on a case-by-case basis. That's rational and a reasonable exercise of the secretary's authority. Under the statute? Well, insofar as the regulation is authorized by the statute. I'm suggesting the regulation has to be authorized by the statute. And, of course, it does. And if Your Honor is asking is that a reasonable construction of what a comparable facility is, our answer is that the secretary has reasonably concluded that we're looking to facilities as the principal indicia of comparability. We're looking to facilities that need to draw their faculty and key staff from the same labor market. We usually look to a geographic wage area as the indication of what the labor market is. However, we also want to make sure that we are averaging facilities so that we don't have the results skewed by some unusual circumstances. The problem, I guess, comes in that, and I appreciate what you've just said, it seems to me that the substantively and procedurally valid regulation would suggest all the determinations or all the considerations which you have placed with me today. Rather than suggesting, just go down to the Medicare central office. They'll make that decision. Well, Your Honor, I think it is established under SEC v. Medicare that there are case-by-case determinations rather than regulations that have general and broad perspective application. And there is, I think, a reasoned basis within the regulation for saying that when we can't look to at least three out of three facilities to determine what the average labor cost will be, we need to do something different and we'll decide what that is on a case-by-case basis. Our position is there's nothing unreasonable or irrational about that approach. Your Honor, I do want to attempt to leave a little bit of time for a rebuttal. If I could do that now, I would much appreciate it. Thank you. Thank you. Good afternoon, Your Honors. If it pleases the Court, my name is Sanford Pittler. With me at the counsel's desk is Kelly Thomas. We're with the law firm of Bennett, Bigelow, and Leadham here in Seattle. We represent the five hospitals involved in this appeal. Your Honor, I had all these preparatory remarks about how unjust and lots of other things. But I think we need to just launch right into this jurisdiction question, because what you just heard is totally unsupported, without citation, and wrong. Let's be very clear here. Your Honor, Judge Lucero, you asked, is there a difference between jurisdiction and authority? And counsel said, no, no, there really isn't. Counsel clearly has never appeared before the PROB and clearly doesn't understand how the PROB and CMS work. The board's jurisdiction concerns whether or not an appeal has been filed within 180 days from a notice of program reimbursement, the amount at issue, those sorts of things, whether you filed the right documents. That is the board's jurisdiction. The board, when it gets an EJR request, it has to rule on two things. It has to say it has jurisdiction, and then the question becomes, does it have the authority to decide the issue presented? That's what EJR is all about. The secretary can review the jurisdiction decision, but the congressional scheme created by Congress prohibits the secretary from reviewing the board's decision to grant EJR. The purpose for that is the board's decision becomes the final decision of the agency, and it goes to the district court and sets the scope of the district court's jurisdiction. Here, the jurisdiction of the district court, if I may follow and not take you off track, is based on two considerations. Number one, that there's a final agency action under the Administrative Procedure Act granting jurisdiction. Secondly, that under 1395, I like the way Judge Smith did it in other numbers than F1, that the determination had been made by certification that the board did not have the authority to decide the issue, and that therefore under both of those jurisdictional hooks, the district court has jurisdiction. Exactly, Your Honor. Now, it's very important to understand the circumstances of this case, Judge Van Sickle's decisions below, right? The government moved to dismiss on the grounds of two points. It challenged the validity of the PRRB's EJR, and it challenged the scope vis-a-vis the claims brought by the plaintiffs. Judge Van Sickle very clearly said the valid . . . 2003. We're talking about the 2003 order. You know, Your Honor, this case has been going on for seven years. I just want to make sure, because that's the first one in front of the district court. Yes, I think that's correct. All right. I'm just trying to follow you, so I know. I'm with you. Is that right? He says yes. He says yes, he is. He's saying yes back there, so I expect you're right. Judge Van Sickle said that the board's decision is final, and he has no authority to review the appropriateness or the validity of the board's EJR decision. He also said that the secretary below provided absolutely no citation whatsoever in support of the attack on the validity of the board's EJR decision, and, Your Honor, there's not a single citation in support of that here. And although the secretary tries to mingle it up between the scope and the validity, in the reply brief it clearly states that the secretary is not bound by the PRB's decision, and that is contrary to the law. Let me ask you a question right there, because it seems to me that what the district court was saying there is. I am denying the motion that the secretary is making as to the validity of the 89 regulation, because the underlying board has no jurisdiction to review the regulation. However, the district court also said at that point, However, as to the applied challenge of the unpublished methodology, I don't have anything to say yet. The PRRB has to act. So in my view, or in my explanation, and I'm getting your view, one is a facial challenge as to the regulation itself, saying I've got jurisdiction there. I deny your motion. As to the second, the as applied challenge, the PRRB has the ability to make that decision, and I shouldn't be making it. Send it back to the PRB. That's not what the judge said. All right. What did he say? You've got elements of it, but you have to distinguish between challenging the validity of the EJR decision and whether the claims brought before the judge are within the scope of the EJR decision. What Judge Van Sickle said was you cannot challenge the validity, but my jurisdiction is limited to claims that are within the scope. Judge Van Sickle said claims challenging the facial lawfulness of, and can we take just one quick second, Your Honor, to say what we're talking about here is a regulation which has a section E4, little I, A, and B, right? We've got a lot of those. Right. And A, in A it says we're going to do these new programs per resident amounts based on the lesser of actual allowable Medicare costs in the base here, and B, first two sentences, the average, well, they use the term mean value of the per resident costs of other programs in the geographic area. The last sentence of B, which is at issue here, right, says, hey, if there's less than three, call us. And I will get to the point you brought up about the cross appeal, Your Honor, but that's what the last sentence says. The challenge brought to the PROB was to the validity of the last sentence in the regulation and the validity, the facial validity of the sequential geography methodology, which no matter how many times the government wants to call that informal case-by-case decision making, that, pardon the expression, that simply holds no water. That was a methodology. That was a methodology that amended, right, for I.B. For I.B. says call CMS central office for the amount of the PROB. The sequential methodology is you call the central office and they give you a methodology and you go figure out the amount of the PROB. That was an amendment to the regulation. But it isn't an amendment which was ever adopted by the normal way, the formal way. It was just something the secretary put into effect, which leads me again to the question, if, in fact, the PROB does not have any jurisdiction or ability to decide regulations themselves, they must go directly to the district court, then the appropriate place to challenge all of these and then challenge all of these methodologies, which had no formalized, is in the PROB? No, it's in the district court. Because the PROB had, there were two PROB jurisdictional decisions. The first one basically granted EJR and the district court said they granted EJR for a facial challenge to the regulation and the sequential methodology. The PROB has no, I'm sorry. No, go ahead. Well, the PROB has no authority to declare the sequential methodology as having been adopted in an arbitrary and capricious manner. It has absolutely no authority to do that. So if we agree with you, and we say that under Skidmore that this SGM, the sequential SQM, I guess, methodology, why didn't the district court go too far, though? Didn't it have to be remanded back to the district, to the agency and said, to the secretary and said, you recalculate the reimbursements? Well. I mean, in other words, we follow you all the way to the very end. It's an excellent question. It's an excellent question. Allow me to make just one more point about this jurisdiction issue. And that is, it went back, I just want to make one more point. It went back to the PROB. The issue was presented to the PROB squarely on the facial challenge to the application of the sequential methodology. And the PROB ruled that it had no authority to deal with or invalidate a methodology developed under a regulation that reserved to the secretary complete discretion to do whatever he wanted. Right? They couldn't declare that unlawful. They couldn't examine the application of the SGM. They simply had no authority. They had no authority to grant relief. They sent it back to the district court. And the government did not move to dismiss. The government never challenged the second EJR decision, ever, until before this court. And I think that's a very important point to be made that everybody needs to understand, is that second EJR decision cleaned up the little mess that Judge Van Sickle had identified. That, well, the first EJR, it wasn't clear they were EJRing the application to these plaintiffs of the SGM. The second one clearly did so. Now, with respect to your question goes to, the government argues that the remand with instruction was overly broad. And that's what your question goes to. Clearly, under Skidmore, this SGM was totally arbitrary and capricious and required no deference whatsoever because there was no record made on discovery, which was a very, you know, the district court allowed a very tiny, limited amount of discovery, only for the purposes of trying to figure out, well, what did the secretary say at the time was the rationale for this SGM or the factors that were considered or anything, which the case law by the Ninth Circuit makes it very clear that that sort of limited discovery is appropriate here. And the response that came back, which Judge Van Sickle was very clear about, was they don't know. They can't identify the factors. They can't identify the rationale. No one knows. The only thing they know is they applied it to every single hospital who was in this situation, as the plaintiffs, for an eight-year period. And the hospitals were in the backside of the eight-year period because their base years are 95 and 97, and the new regulation was adopted in 97 that replaced the SGM. So what you have is you have to look at this from Judge Van Sickle's viewpoint as to, okay, why did he remand with instructions? Well, this court's jurisprudence, I think in the Sierra versus EPA case, very clearly states that the normal course in these sorts of cases is to remand back to the secretary to make findings or explain. But in that case, the Ninth Circuit said both Ninth Circuit law and Supreme Court case law, right, allows the district court to remand with specific instructions in exceptional circumstances. And that's what Judge Van Sickle clearly documented in his... Exceptional circumstances. Absolutely. You have an agency that before Judge Van, by the time you got to the remand, right, you have an agency that was unable to produce a single valid comparable, didn't respond to the judge's request that they come forward with some criteria or comparables that at least were consistent with what the judge found on summary judgment. And by the time Judge Van Sickle issued his remand with instructions, this case had been going on for 10 years. I stand before you in the 13th year of this case. Now, let me ask you one other question, which you seem to really document the point, and which shall be fair in my outline of this case. I documented the same point, and then I came back to the fact the secretary doesn't challenge jurisdiction until this point of what merit is that argument? Because it seems to me that our case law is pretty straightforward, that jurisdiction can be challenged any time, any place. So the fact that the secretary didn't challenge it, why is that an important point? Well, Your Honor, it just... I mean, my worry is I put it down there and I was going to go for waiver. If you've been in the courtroom, you've seen me talk about waiver all day. But the bottom line is there are certain issues that don't waive regardless of whether they're challenged or not. I understand that. But the fact is that the inconsistency between the secretary's position below in front of Judge Van Sickle and the position taken here merits some analysis at least. Okay. Not only that, Your Honor, the secretary could have, right, objected to EJR in front of the board. There's nothing under the law and the scheme created by Congress that the secretary could have had its agent appeal. Well, I think what you're saying... And they never did. We're throwing a life vest here, as we say. We saw a lifeline. Well, I think what you're saying to Judge Smith is that you're not pointing it out as a bar to the argument. You're saying that there's an inconsistency, a certain infirm inconsistency to the process. Yes. Thank you, Your Honor. I think that's much better put than the way I put it. I guess my worry is that if I were to suggest that, or I were to buy the argument that the district court really never had any jurisdiction as to the methodologies, only as to the regulation of the 1989 regulation, then anything the district court did after that is superfluous, is it not? Well... Except as to the issue of the 89 regulation, which I asked counsel about. Assuming what you just said is correct, then the question becomes whether or not the 89... The question becomes the cross-appeal is really what it turns to. And if I may, if I may. Sure. If the district court didn't have jurisdiction at all, the consequence of that would be to say that the actions of the secretary and the agency basically evade all review. Yes. Well, just a minute, not quite. Because once they do make a review as to the actual regulations, methodology, not regulations, but methodologies and different things that the secretary has done, at that point it can be reviewed. You mean if it went back to the board, for example? Yes. No. It cannot be reviewed? The board could not reach a decision. The secretary has amended the regulations. I appreciate the board couldn't make a decision at one point. But if, in fact, the district court had said at the point it came up the second time, hey, can't make a decision is absolutely out of it. I can't do anything except as it relates to regulations. And, therefore, this isn't a regulation. This is a methodology I don't know anything about, don't like, think it's arbitrary and capricious. Go back to the table and do something with it. Then the board could have acted. And if they had acted, not just said we can't act, then they could have taken an appeal to the court. You know, Your Honor, in a vacuum, what you just said is absolutely accurate. But let me put a little air into the vacuum. All right, put a little air. I'm glad to do it. That's why I'm asking you the questions. You've lived this 13 years. I've lived it three months. Go ahead. The board could not build any evidentiary record about any of this whatsoever because it all rests in the hands of the secretary and the agency. And the rules have been amended in 2008 specifically to put in the rules the secretary's longstanding policy, which is, and the rules say this now, you can gain no discovery of CMS. You cannot issue a subpoena to CMS. Okay? CMS is not a party. So the board, we could not gain any information from CMS. We couldn't have the board issue a subpoena to CMS. We would be able to put on no record whatsoever as to the rationale for the adoption of the SGM. And even more important is the board doesn't have authority to put it to find arbitrary and capricious the secretary's reasons for adopting the SGM. At most, the board would have authority to deal with whether or not the result of the SGM was arbitrary and capricious. But the board... I'm sorry, finish your sentence. Well, I was just going to say, but the board specifically ruled that it didn't have authority to do that either because it didn't have authority to set aside a methodology adopted by the secretary under a regulation that reserved to the secretary complete discretion to do whatever he wanted, what we call the black box. I'm sorry, Judge Hawkins. My question is, was the SGM ever part of a final published rule? It was in 1997. This is another aspect here. In 1997, the secretary promulgated it as a legislative rule, right, saying, well, we've applied this for the last eight years. We're going to promulgate it. That was the proposed rule, then abandoned it. But that's after all this. Yes, in 1997. But it still goes to the point, Your Honor, that the secretary knew this was a legislative rule. And, you know, just to go for 30 seconds to the cross appeal, right? I'll give you, because it was my question, I'll give you 20. Get her done, fast. Okay. I just wanted to bring up that Judge Hawkins authored a decision for this court in the Erringer case, which is a case about whether or not a manual provision, right, which set out criteria for Medicare contractors to make what's called local coverage decisions, needed to be promulgated through notice and comment rulemaking. And there the court said no, because, number one, it was published. It was in a manual. Number two, the contractors had to apply the criteria, but they could reach their own decision, and, in fact, did reach different decisions around the country on the same LCD question. Here you have a, quote, unquote, methodology, which the intermediaries are bound to apply, which would produce the same result no matter which intermediary applied it. It was never published, not in the Federal Register, not through notice and comment, not in a manual. It was a secret. No one even knew it existed until the two Montana hospitals sent a letter to their intermediaries saying, how can you possibly set our PRA $70,000 and $100,000 less than the Medicare-allowed costs that you approved, that you said that were the actual cost? And they got a response back that said we were told, right, that's the first and only time anybody even knew it existed. And we submit, Your Honor, that that should have been promulgated through notice and comment rulemaking, or at minimum, under the Medicare statute, it expressly requires any interpretive rule, any guideline of general applicability had to be at least published in the Federal Register that it existed.  Thank you, Your Honor. You've used more than your 20 seconds, but thank you. I'll give the government another little bit because I let you go over, give you a minute. Thank you, Your Honor. I'd like to refer first to the District Court's findings at page 60 of the excerpt's record. This is a statement the District Court makes after both PRRB decisions have been made. Quote, in the present case, the defendant has made it very clear that the sequential geography methodology was applied on a case-by-case basis and bound neither the PRRB nor the Secretary. That is precisely the point here, that if it doesn't bind the PRRB and it doesn't bind the Secretary, the Board has plenary authority to consider it and it is not suitable for expedited judicial review. As for the contention that this is a really an unpublished rule that's applied in every case in which it's been in every circumstance meeting the criteria of the rule, this practice existed from 1986 or 89 until a new actual regulation was promulgated in 1997. There are more than 1,000 facilities that are reimbursed for these kinds of expenses. This practice was, according to the findings of the District Court, applied on six to 12 occasions over the course of that 11-year period. It is the very definition of an exception to the rule. Something applied on a case-by-case basis for extraordinary circumstances where the criteria of the regulation really didn't have a reason to application. Thank you. Thank you very much. Thank you. Thank you both for your arguments. Very helpful, both. Thank you all. Court is adjourned for today. All rise.
judges: Lucero, Hawkins, Smith N. R.